THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| WILLIAMS FIELD SERVICES COMPANY, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>LIGHTNING CONSTRUCTION COMPANY, INC., a Wyoming corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-00455-DAK-JCB<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Jared C. Bennett |

District Judge Dale A. Kimball referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court are two motions filed by Defendant Lightning Construction Company, Inc. ("Lightning"): (1) a short form discovery motion to extend the fact discovery deadline and permit additional time for Fed. R. Civ. P. 30(b)(6) depositions;[2] and (2) a Fed. R. Civ. P. 56(d) motion to defer consideration of Plaintiff Williams Field Services Company, LLC's ("Williams") motion for partial summary judgment.[3] The court heard oral argument on Lightning's short form discovery motion on February 4, 2025, and, following the hearing, took the motion under advisement.[4] The following day, Lightning filed its Rule 56(d)

---

[1] ECF No. 21.

[2] ECF No. 43.

[3] ECF No. 51.

[4] ECF No. 48.

motion.[5] Considering the overlap of the facts underlying the motions, the court reviews the motions together and, based upon the analysis set forth below, grants both motions.

## BACKGROUND

This is a breach of contract action.[6] Lightning and Williams contracted for Lightning to perform work at Williams's natural gas processing plant in Opal, Wyoming.[7] As part of the parties' agreement, Lightning assumed the duty to indemnify Williams for all losses arising from Lightning's work to the extent such losses were attributable to Lightning or its employees.[8] In July 2019, two Lightning employees were injured in a flash fire while performing work under the agreement.[9] The employees and their wives sued Williams in the United States District Court for the District of Wyoming, which resulted in a settlement.[10] Williams now alleges that Lightning has failed to fully indemnify Williams as required by their contract,[11] and moves for partial summary judgment on this issue.[12]

On July 23, 2024, Lightning requested dates to depose Williams's 30(b)(6) representative on a list of 26 topics.[13] Williams did not provide immediate responses, prompting Lightning to follow up with another request on August 30, 2024, noting that it preferred to receive Williams's

---

[5] ECF No. 51.

[6] *See generally* ECF No. 2-1.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] ECF No. 33.

[13] ECF No. 43 at 2; ECF No. 47 at 3; ECF No. 51 at 2; ECF No. 53 at 3; ECF No. 57-1 at 9.

discovery responses before conducting the deposition.[14] Williams's discovery responses were due September 23, 2024.[15] On October 11, 2024, Williams provided its designated representatives' availability,[16] but, on October 15, 2024, Lightning's counsel indicated he was unavailable on the dates provided and requested alternative options.[17] On that same date, Williams asked for Lightning's counsel to provide a range of dates on which counsel would be available,[18] which Lightning provided.[19]

The next day, Lightning informed Williams that an extension of the fact discovery deadline would be necessary as it was scheduled to expire on November 25, 2024.[20] Williams subsequently asked about the basis for this extension and provided Williams's potential witnesses and their availability for a deposition, stating that they could "inquire as to dates the potential witnesses are available for a deposition from November 8 to November 25 if necessary."[21] By the end of October, Lightning's counsel reiterated his inability to attend on certain dates and continued working with Williams to identify mutually agreeable times.[22] Williams's counsel ultimately provided availability within the proposed range on October 31, 2024.[23]

---

[14] ECF No. 47 at 3.

[15] *Id.*

[16] ECF No. 47-1 at 21; ECF No. 57-1 at 28.

[17] ECF No. 47-1 at 20; ECF No. 57-1 at 27-28.

[18] ECF No. 47-1 at 20; ECF No. 57-1 at 27.

[19] ECF No. 47-1 at 19; ECF No. 57-1 at 26-27.

[20] ECF No. 47-1 at 16; ECF No. 57-1 at 23.

[21] ECF No. 47-1 at 15; ECF No. 57-1 at 22-23.

[22] ECF No. 47-1 at 13; ECF No. 57-1 at 21-22.

[23] ECF No. 47-1 at 13; ECF No. 57-1 at 20-21.

      Unexpected complications arose on November 12, 2024, when Williams notified Lightning that one of Williams's witnesses, Tyler Nazelrod ("Mr. Nazelrod"), would be unavailable for his deposition scheduled for November 20, 2024, due to a family emergency.[24] Although Lightning proceeded with the depositions of the three other designees on November 22, 2024, Lightning ran out of time and was unable to complete the questioning of Mike Krell ("Mr. Krell").[25] The parties agreed to resume at a later date, presumably when Mr. Nazelrod would also be available for questioning.[26]

      The fact discovery deadline expired on November 25, 2024.[27] On January 7, 2025, Williams offered late-January availability for Mr. Nazelrod's deposition, but, a week later, Lightning's counsel indicated the proposed timing was unworkable and requested alternative dates.[28] In the same communication, Lightning explained that fact discovery and other related dates would need to be extended to allow for the depositions of Mr. Krell and Mr. Nazelrod.[29] Williams stated it would oppose any attempts to extend discovery or dispositive motion deadlines,[30] and on January 13, 2025, Williams filed its motion for partial summary judgment.[31]

---

[24] ECF No. 47-1 at 8; ECF No. 57-1 at 16.

[25] ECF No. 43 at 2.

[26] *Id.*

[27] ECF No. 26.

[28] ECF No. 43 at 2.

[29] *Id.*

[30] *Id.*

[31] ECF No. 33.

A week later, Lightning filed its short form motion to extend the discovery deadline and allow additional time for the completion of the 30(b)(6) depositions.[32] The day after oral argument on this motion, Lightning filed its Rule 56(d) motion, asserting it needs to complete Mr. Krell and Mr. Nazelrod's depositions in order to adequately respond to Williams's motion for partial summary judgment.[33] Lightning states that these witnesses are expected to testify about training, safety protocols, and other precautions taken by Williams to ensure the area was free from explosive gas on the date of the flash fire.[34] Accordingly, Lightning states that facts learned from Mr. Nazelrod and Mr. Krell related to these topics will serve as rebuttal evidence to Williams's motion for partial summary judgment.[35]

## LEGAL STANDARDS

To review Lightning's motions, the court must consider several legal standards. First, because Lightning seeks to extend the fact discovery deadline two months after its expiration to complete these depositions, the court must consider Fed. R. Civ. P. 6(b)(1)(B) and whether Lightning can demonstrate both "good cause" and "excusable neglect." Fed. R. Civ. P. 16(b)(4) similarly requires "good cause" for any modification to a scheduling order, and Fed. R. Civ. P. 29(b) disallows parties' stipulation extending discovery deadlines without a court order.

Next, the court considers the standard under Fed. R. Civ. P. 56(d) to determine whether the court shall defer consideration of Williams's motion for partial summary judgment to allow

---

[32] ECF No. 42.

[33] ECF No. 51.

[34] *Id.* at 4. *See also* ECF No. 47-1 at 10-11; ECF No. 57-1 at 18-19.

[35] ECF No. 51 at 4.

Lightning to take the depositions of Mr. Nazelrod and Mr. Krell. Finally, if the court finds that Lightning has met the requirements to obtain relief under Rule 6 and Rule 56(d), the court must determine whether Lightning also demonstrates a necessity under Fed. R. Civ. P. 30(d)(1) and Fed. R. Civ. P. 26(b) to extend Mr. Nazelrod and Mr. Krell's depositions by 2.5 hours beyond the seven hours permitted by Rule 30 and the parties' scheduling order.[36] Each legal standard is set forth below.

### I. Rule 6(b)(1)(B)

Fed. R. Civ. P. 6(b)(1)(B) governs motions to extend deadlines after the expiration of the original deadline. That rule provides that "the court may, for good cause," extend a deadline after it has expired "if the party failed to act because of excusable neglect."[37] Thus, a party seeking to extend time after a deadline has passed must show both "good cause" and "excusable neglect." The United States Court of Appeals for the Tenth Circuit has recognized that good cause and excusable neglect are not identical but are interrelated.[38] With respect to what is required to show good cause, the Tenth Circuit has stated:

> Without attempting a rigid or all-encompassing definition of good cause, it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.[39]

---

[36] ECF No. 26 at 4.

[37] Fed. R. Civ. P. 6(b)(1)(B).

[38] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996); *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987).

[39] *In re Kirkland*, 86 F.3d at 175 (emphasis in original) (quotations and citations omitted); *see also Putnam*, 833 F.2d at 905.

"'[G]ood cause' requires a greater showing than 'excusable neglect.'"[40] "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[41] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[42]

> To determine whether the lesser standard of excusable neglect is shown,
>
>> a court must take into account "all relevant circumstances surrounding the party's omission." These include four relevant factors: (1) "the danger of prejudice" to the nonmoving party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within reasonable control of the movant"; and (4) "whether the movant acted in good faith."[43]

The third factor (i.e., fault in the delay) is the single most important factor in determining whether a party's neglect is excusable.[44]

---

[40] *In re Kirkland*, 86 F.3d at 175.

[41] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (quotations and citation omitted).

[42] *Id.* at 701 (quotations and citation omitted).

[43] *Shifers v. Arapahoe Motors, Inc.*, No. 17-CV-01753-CMA-KLM, 2018 WL 6620866, at *3 (D. Colo. Dec. 18, 2018) (citations omitted) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395); *see also Shifers*, 2018 WL 6620866, at *3 (providing that although the *Pioneer* Court's "discussion of excusable neglect . . . concerned Bankruptcy Rule 9006(b)(1), . . . its analysis rested on the plain meaning of the terms . . . . Accordingly, the Court of Appeals for the Tenth Circuit has extended the *Pioneer* standard of excusable neglect to motions arising under . . . Federal Rule of Civil Procedure 6(b)."(citing multiple Tenth Circuit cases) (quotations and citations omitted)).

[44] *Shifers*, 2018 WL 6620866, at *3.

## II.   Rule 16(b)(4) and Rule 29(b)

Under Fed. R. Civ. P. 16(b)(4), "A schedule may be modified only for good cause and with the judge's consent." Demonstrating good cause under this rule "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."[45] Relevant factors for courts to consider in determining whether good cause exists to reopen discovery include: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.[46] Moreover, Fed. R. Civ. P. 29(b) requires court approval for any stipulation that would interfere with the time set for completing discovery."

## III.   Rule 56(d)

Fed. R. Civ. P. 56(d) allows a court to defer consideration of or deny a motion for summary judgment if the nonmovant demonstrates that additional discovery is necessary to present essential facts to justify its opposition. Specifically, Rule 56(d) provides that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

---

[45] *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (unpublished) (citation omitted).

[46] *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also Tracy v. Youth Health Assocs.*, No. 1:20-cv-00088, 2021 WL 2379636 at *2 (D. Utah June 9, 2021) (unpublished).

To obtain relief under Rule 56(d), the Tenth Circuit requires the movant to submit an affidavit or declaration that: (1) identifies the probable facts not available; (2) explains why those facts cannot be presented currently; (3) details past efforts to obtain those facts; and (4) describes how additional time would allow the movant to rebut the motion for summary judgment.[47] Generally, "[s]ummary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."[48] Additionally, requests for further discovery should ordinarily be treated liberally unless the request is dilatory or meritless.[49]

### IV.   Rule 30(d)(1) and Rule 26(b)

Under Fed. R. Civ. P. 30(d)(1), "Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." However, the court must allow additional time if needed to fairly examine the deponent or if the examination is impeded by the deponent, another person, or other circumstances.[50] Accordingly, Rule 26(b)(2) allows the court to alter the length of Rule 30 depositions.[51]

The scope of discovery for Rule 30(b)(6) depositions is the same as the scope of discovery under Fed. R. Civ. P. 26(b). Rule 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." When determining proportionality, courts consider: (1) the importance of the issues

---

[47] *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017) (citing *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010)).

[48] *Id.* at 1110 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).

[49] *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992).

[50] Fed. R. Civ. P. 30(d)(1).

[51] Fed. R. Civ. P. 26(b)(2).

at stake; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.[52] Together, these rules provide a comprehensive framework for evaluating Lightning's request to extend discovery deadlines and defer consideration of Williams's motion for partial summary judgment, particularly where additional deposition time is sought after fact discovery's close.

## ANALYSIS

### I. Lightning Demonstrates Excusable Neglect and Good Cause to Extend the Fact Discovery Deadline to Complete Depositions.

Given that establishing good cause under Rule 6(b)(1) requires at least a showing of excisable neglect, the court first considers whether Lightning establishes excusable neglect. The court then considers whether Lightning meets the higher standard of good cause under Rule 6 and Rule 16(b)(4).

#### A. Lightning Meets the Excusable Neglect Standard.

Taking into account all relevant circumstances regarding Lightning's failure to complete the depositions of Mr. Nazelrod and Mr. Krell within the fact discovery deadline, Lightning establishes excusable neglect. First, extending fact discovery for the sole purpose of conducting these remaining depositions would not prejudice Williams. Indeed, Williams fails to identify any prejudice that would result from granting an extension,[53] and the court cannot see how any prejudice would occur because Williams expressly agreed that Lightning could conduct Mr.

---

[52] Fed. R. Civ. P. 26(b)(1).
[53] ECF No. 47 at 5.

Nazelrod and Mr. Krell's depositions before the expiration of fact discovery. Additionally, to the extent that Williams needs to modify its expert positions because of their designees' testimony, Lightning has expressed it will not resist Williams amending its designation.[54]

Second, the length of the delay will not adversely impact judicial proceedings. To the contrary, denying Lightning's motion would be counter the court's preference for resolving Williams's summary judgment motion with the benefit of all available evidence. Further, the court may set a deadline (e.g., 45 days from the date of this order) for such depositions to be completed and for Lightning to respond to Williams's pending motion for summary judgment by a date certain after the parties' receipt of the deposition transcripts. Accordingly, any delay for the completion of these depositions would be minimal.

Third, Lightning has provided an adequate reason for failing to timely complete these depositions. Contrary to Williams's assertion, Lightning was diligent in communicating with Williams throughout the discovery period to schedule these depositions and consistently worked to identify workable dates. After months of back-and-forth regarding scheduling, in mid-October, Lightning informed Williams that an extension of the fact discovery deadline appeared to be necessary, but Williams questioned the necessity of such an extension. Then, two weeks before the close of fact discovery, Williams notified Lightning that Mr. Nazelrod would not be available for a deposition anytime soon. Three days before the close of fact discovery, Lightning took the depositions of Williams's first two designees but ultimately ran out of time for Mr. Krell. Although best practice would have been for Lightning to file a motion to amend the scheduling

---

[54] ECF No. 57 at 10.

order as soon as it became apparent that Mr. Nazelrod would be unavailable within the fact discovery period, or following the incomplete depositions three days before the close of fact discovery, Lightning reasonably understood that the parties had an agreement to extend discovery to accommodate the remaining depositions. Additionally, Williams's counsel's sabbatical during key portions of the scheduling negotiations also contributed to delays in identifying mutually agreeable dates and was a factor outside Lightning's control.[55] Accordingly, the record reflects that both parties contributed to the delay in completing these depositions. Under these circumstances, Lightning's failure to formally move for an extension before the deadline reflects excusable neglect.

B. Lightning Also Establishes Good Cause.

In addition to showing excusable neglect, Lighting has established good cause. "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[56] Lightning's proffered explanations discussed above are sufficient to demonstrate that failing to complete the depositions of Mr. Krell and Mr. Nazelrod was not within Lightning's control. And Williams's own delay in responding to Lightning's requests put Lightning's metaphorical back against the wall to schedule the depositions as late into fact discovery as they did. Therefore, Lightning establishes good cause to extend the fact discovery deadline under Rules 6(b)(1)(B) and 16(b)(4) to complete these depositions.

---

[55] ECF No. 57-1 at 62-63.

[56] *Herbert*, 678 F. App'x at 700-01 (quotations and citation omitted).

## II. Lightning Establishes It Cannot Present Facts Essential to Justify Its Opposition to Williams's Motion for Partial Summary Judgment at This Time.

Lightning also meets the requirements to obtain relief under Rule 56(d). First, Lightning identifies by affidavit the probable facts unavailable to Lightning at this time. Specifically, Lightning states that Mr. Nazelrod is expected to testify to the following topics: all safety incidents made to Williams by any employee, contractor, or other person or entity relating to safety issues occurring at the facility from 2010 to the present; the protocols, processes, steps, or standards Williams adhered to and imposed in ensuring that anyone performing work at the facility has the PPE and other protective equipment necessary for that work; the protocol, process, steps, or standards Williams adhered to and/or imposed to ensure that the work requested of Lightning could be performed safely at the facility; the protocol, process, steps, or standards Williams adhered to and/or imposed to ensure that explosive gases were not in the area of the work prior to instructing Lightning and its employees to begin the work; and all health and safety training sessions, meetings, filed safety overviews, presentations, or other educational activities intended to train and prepare Williams personnel to maintain or otherwise perform work at the facility between 2010 and present.[57] Lightning states that Mr. Krell is expected to testify to the following topics: the factual allegations in the complaint; individuals, formally disclosed or not, that Williams understands to have knowledge regarding any of the claims or defenses raised in this matter; individuals involved in the performance of the work; any and all work performed by Williams in the area of the facility wherein Lightning was later brought in to perform the work within one year prior to the work and one year after; the work performed by

---

[57] ECF No. 52 at 2-3.

Lightning; all discovery responses provided by Williams in this case; the investigation of the claims brought against Williams by Joaquin Saenz; and any evaluations, including expect evaluations, of liability arising out of the occurrence.[58] Those topics are relevant to the parties' claims and defenses at issue here.

Second, in its Rule 56(d) motion, accompanying affidavit, and Lightning's short form discovery motion, Lightning has stated why these facts cannot be presented without the depositions of Mr. Nazelrod and Mr. Krell and has identified past steps to obtain evidence of these facts by scheduling these depositions (e.g., third factor). Lightning asserts that it did not receive complete information about these facts from the previously deposed designees.[59] Fourth, these facts regarding Williams's training, safety protocols, and precautions taken to ensure the area was safe at the time of the flash fire are directly relevant to rebutting Williams's motion for partial summary judgment, which focuses on Lightning's indemnification obligations. Lightning has also demonstrated that it was diligent in attempting to complete these depositions within the fact discovery period. Despite this diligence, external factors outside of Lightning's control—such as Mr. Nazelrod's family emergency and the unavailability of Lightning's counsel on the proposed dates—prevented their completion. Given the importance of these witnesses' testimony to addressing core issues in Williams's motion for partial summary judgment—and the liberal standard applicable here—the court grants Lightning's requested relief under Rule 56(d).

---

[58] *Id.* at 3.

[59] ECF No. 57-1 at 68-69.

### III. The Court Grants Lightning an Additional Five Hours of Total Deposition Time to Complete Depositions.

Finally, the court grants Lightning an additional five total hours to complete both depositions of Mr. Nazelrod and Mr. Krell. These depositions are relevant under Rule 26(b)(1) because they are expected to provide testimony about Williams's knowledge of and adherence to safety protocols. This evidence is directly related to Lightning's argument that it should not be held responsible for indemnifying Williams if Williams itself contributed to the hazardous conditions leading to the flash fire. Given the importance of this evidence, the burden of allowing these limited depositions does not outweigh their likely benefit. Because Lightning was unable to complete Mr. Krell's deposition and has not yet deposed Mr. Nazelrod, the court finds that additional time is warranted under Rule 30(d)(1). Therefore, under Rule 26(b)(2) and Rule 16(b)(4), the court will permit Lightning to conduct up to 5 additional hours of total deposition time for both witnesses (not five hours for each witness).

#### CONCLUSION AND ORDER

Based on the foregoing analysis, the court HEREBY ORDERS as follows:

1. Lightning's short form discovery motion to extend the fact discovery deadline and permit additional time for Fed. R. Civ. P. 30(b)(6) depositions[60] is GRANTED.

2. Lightning's Fed. R. Civ. P. 56(d) motion to defer consideration of Williams's motion for partial summary judgment[61] is GRANTED.

---

[60] ECF No. 43.

[61] ECF No. 51.

IT IS SO ORDERED.

DATED this 31st day of March 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge